IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARK FOWLER,** | ] |
| Plaintiff, | ] |
| v. | ] CV-10-BE-969-S |
| **BLOUNT COUNTY COMMISSION, et al.,** | ] |
| Defendants. | ] |

## MEMORANDUM OPINION

This case comes before the court on the motions to dismiss of Defendants Blount County Commission (doc. 6), Loyd Arrington (doc. 2), and Danny Morton (doc. 4). Defendants removed this case from state court and each filed motions to dismiss that assert, among other defenses, collateral estoppel with respect to the sole federal claim giving rise to original jurisdiction in this court—a federal procedural due process claim that was previously litigated and dismissed on the merits by this court in 2009. As set forth below, the court agrees that this case should be dismissed under principles of collateral estoppel, and accordingly, the motions to dismiss are due to be GRANTED.

## FACTS

The original lawsuit began in this court on August 7, 2009, when Plaintiff Mark Fowler first filed his complaint against the same Defendants to this action, namely Loyd Arrington, Danny Morton, and the Blount County Commission.[1]  See *Fowler v. Arrington*, CV-09-BE-1587-

---

[1] The court notes that the earlier complaint also sued the Blount County Merit System Board, an entity that is not named as a Defendant to the current action.

1

S (N.D. Ala. 2009). Plaintiff's complaint, then as now, claimed violations of <u>both</u> his federal and state procedural due process rights stemming from the summary termination of his employment as a Blount County deputy sheriff. As to his federal procedural due process claim, Plaintiff alleged violations of his rights under the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983. Plaintiff's procedural due process claims centered on allegations of his lack of notice of his termination, lack of a hearing or opportunity to be heard and defend himself, and lack of an opportunity to avail himself of the due process procedures and protections created by Alabama Code § 45-5-120. *Id.*, Pl. Complt., Doc. 1, ¶¶ 12-15. Plaintiff's complaint also raised various other violations of Alabama law, including breach of contract and wrongful termination.

The Defendants each filed motions to dismiss challenging the court's jurisdiction over Plaintiff's federal procedural due process claim, among other defenses. After full briefing by the parties, the undersigned held a hearing on the motions to dismiss on November 23, 2009, which specifically addressed federal jurisdiction over the alleged federal procedural due process claim. Citing *McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994) and *Horton v. Board of County Commissioners*, 202 F.3d 1297, 1299 (11th Cir. 2000), this court dismissed Plaintiff's federal procedural due process claim on the merits, finding "that subject-matter jurisdiction does not exist in this case because Alabama state law provides an adequate remedy for redress of Plaintiff's procedural due process." Having dismissed on the merits the Plaintiff's sole federal claim for lack of jurisdiction, this court then declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed the case in its entirety in its Memorandum Opinion and Final Order. *Fowler v. Arrington*, CV-09-BE-1587-S, Doc. 29 (N.D. Ala. Nov. 24, 2009).

Fowler promptly re-filed his complaint in the Circuit Court of Blount County, Alabama,[2] raising the <u>same federal</u> and state procedural due process claims and state law claims.  See *Fowler v. Arrington*, Case No. 08-CV-2010-900025 (Cir. Ct. of Blount Cty., Ala. Feb. 25, 2010).  Just as promptly, the Defendants used the lingering federal procedural due process claim as grounds upon which to remove the action back to this court.  (Notice of Removal, Doc. 1.)  All three defendants contemporaneously filed motions to dismiss raising collateral estoppel, among other defenses.

Originally assigned to Judge Proctor, the briefing schedule on these motions to dismiss directed all parties "to address specifically Judge Bowdre's Memorandum Opinion and Final Order [from *Fowler v. Arrington*] and its effect on this litigation in general and Plaintiff's procedural due process claim in particular."  (Doc. 17)  Meanwhile, Plaintiff filed a motion to transfer this case to the undersigned, arguing that "in light of defendants' argument as to estoppel, Judge Bowdre certainly stands in the best position to decide the intended effect of her order dismissing the earlier federal suit."  (Mot. to Transfer, Doc. 10 at ¶ 5).  After full briefing from the parties, Judge Proctor granted Plaintiff's motion to transfer, agreeing with Plaintiff "that Judge Bowdre stands in the best position to decide the intended effect of her prior order" and noting "that she has already heard and decided virtually all of the issues raised by the now-pending Motions to Dismiss."  (Order, Doc. 17.)

---

[2] The court observes that Fowler's complaint as originally filed in *Fowler v. Arrington* is virtually identical to this complaint he subsequently filed in state court.  The only discernible differences include slight amendments to the venue allegations, one additional paragraph articulating violations under the Alabama Constitution, and the deletion of the Blount County Merit System Board as a Defendant.  In all other respects, the complaint currently before the court mirrors the complaint previously considered by this court in *Fowler v. Arrington,* in substance and form.

## COLLATERAL ESTOPPEL

Ultimate resolution of this case clearly hinges upon collateral estoppel. The Eleventh Circuit has articulated a four-part standard for determining issue preclusion.

> To claim the benefit of collateral estoppel, the party relying on the doctrine must show that: (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000) (citing *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir.1998)).

Rarely does the court assessing the preclusive effect of collateral estoppel benefit from firsthand knowledge of the "prior proceeding" at issue. However, this court has firsthand knowledge that confirms Defendants have met their burden of asserting collateral estoppel under this four-part test. Before this very court, the identical federal procedural due process claim at stake in this litigation was actually litigated in a prior proceeding involving the same parties, styled as *Fowler v. Arrington*, CV-09-BE-1587-S. The parties in that case engaged in briefing on the issue of whether this court had subject matter jurisdiction over the Plaintiff's federal procedural due process claim, as alleged under the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983. The court also held a hearing on the merits of this issue, affording both parties a "full and fair" opportunity to litigate the question of federal jurisdiction. After considering the parties' briefs and oral arguments, this court determined the issue in favor of the Defendants, finding that no subject matter jurisdiction existed over the federal procedural due process claim and dismissing that claim on the merits. Dismissal of the sole federal claim triggered the court's

discretion under to 28 U.S.C. § 1367(c)(3) to decline supplemental jurisdiction over the Plaintiff's remaining state law claims, and the court dismissed the case in its entirety by an appealable Final Order.  *See Fowler v. Arrington*, CV-09-BE-1587-S, Doc. 29 (N.D. Ala. Nov. 24, 2009).  Therefore, the court's determination of the federal jurisdiction issue at stake in this case was "a critical and necessary part" of its final judgment in the first case.

In his omnibus response to the Defendants' motions to dismiss (doc. 11), Plaintiff's minimal answer to allegations of estoppel reveals several apparent points of confusion, which the court hopes to clarify.  First, Plaintiff seems to misunderstand the effect of the court's prior dismissal of its case "without prejudice."  In emphasizing this aspect of the court's Final Order, Plaintiff implies he is automatically entitled to re-litigate all his claims here, without regard to the fact his federal procedural due process claim was previously raised, litigated on the merits as to subject matter jurisdiction, and rejected by this court.  Though this court's order dismissing *Fowler v. Arrington* was "without prejudice," this aspect of the court's opinion does not immunize Plaintiff's federal procedural due process claim from the preclusive effects of collateral estoppel.  On one hand, because this court previously resolved Plaintiff's federal procedural due process claim on the merits, the court's dispositive ruling as to lack of jurisdiction over that federal claim is subject to issue preclusion.  On the other hand, because the court did not address the merits of the alleged state procedural due process claims, it dismissed the case "without prejudice" to allow Plaintiff the opportunity to pursue his state claims in state court—not to leave open the door for future re-litigation of his failed federal procedural due process claim.

Second, Plaintiff appears confused about the reasoning of this court's previous dismissal

of his federal due process claim, and ultimately, the prior case. The impetus for this court's dismissal was not simply that the court "agreed that the matter was more appropriately brought in state court" (Pl's Resp., doc. 11, at 11), but that the court found itself *without jurisdiction* over the sole federal claim before it. As discussed on the Record and cited in its Memorandum Opinion and Final Order, Eleventh Circuit law mandates that this court lacks jurisdiction over a federal procedural due process claim *except* in the rare instance where state law fails to provide an adequate remedy for redress. *See McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994) ("Only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise."); *see also Horton v. Bd. of County Comm'rs*, 202 F.3d 1297, 1299 (11th Cir. 2000) (foreclosing all possibility of a federal due process claim so long as the state, including the state courts, generally provides an appropriate procedural remedy).

After a full and fair hearing, this court found that the Plaintiff "failed to demonstrate that remedies offered under Alabama law are inadequate to address his alleged procedural due process violations." *See Fowler v. Arrington*, CV-09-BE-1587-S, Doc. 29 (N.D. Ala. Nov. 24, 2009). In fact, Plaintiff's complaint cited the very provision of Alabama law that provided an adequate remedy to his alleged due process violations; the fact that Plaintiff claims he was unable to timely avail himself of the state's procedural remedy does not alter the fact that the remedy *existed*, which is enough to preclude this court's jurisdiction over the alleged federal procedural due process violation. Any challenges to the state's procedural due process system, therefore, would properly be taken up in state court rather than federal court. Moreover, *McKinney* and *Horton* make clear that such a challenge *cannot* be taken up in federal court as a federal due

process claim because no such federal claim is recognized and the court is, therefore, without subject matter jurisdiction.

Ironically, Plaintiff now cites in his response brief the exact language in *Horton* that explains the court's continued lack of jurisdiction over this matter, albeit dicta. After a lengthy analysis instructing district courts how to analyze federal jurisdiction over a Plaintiff's federal procedural due process claim (an analysis this court carefully followed in the *Fowler v. Arrington* motions hearing), *Horton* outlines the court's two options in the instance where federal jurisdiction fails (in other words, where an adequate state remedy exists). First, "the federal district court can proceed to adjudicate the state law claims over which it will have supplemental jurisdiction" or "permit the plaintiff to amend the complaint to add such a claim." *Id.* at 1300 n.3. *Horton* then presents a second option:

> Of course, if there is a valid basis for doing so under 28 U.S.C. § 1367(c), the district court can decline to exercise its supplemental jurisdiction over the state law claim or claims. ***If that is what the district court does, <u>the plaintiff will be able to pursue the adequate state law remedy in the state courts</u> without the threat of having the case removed to federal court because of the federal due process claim, <u>which will have been dismissed on the merits</u> by the district court because of the existence of the adequate state law remedy***.

*Id.* (emphasis added). The court here opted for the latter option: it declined to exercise its supplemental jurisdiction over Plaintiff's remaining state law claims after it dismissed Plaintiff's federal procedural due process claim on its merits for lack of federal jurisdiction because of the existence of the adequate state law remedy. Plaintiff, in filing his subsequent state court case, plainly could have avoided the "threat of having the case removed to federal court" by deleting the failed federal claim from his complaint.

This court's assessment is that the Plaintiff has unwittingly trapped himself in a catch-22. By electing to re-assert the same federal due process claim that had been previously dismissed on the merits by this court, Plaintiff opened the door for the Defendants' removal back to federal court. In this way, the threat identified in *Horton* became Plaintiff's unfortunate reality. Notably, the Plaintiff has not elected to file a motion to remand and instead appears to acquiesce to the Defendant's decision to remove to federal court. Though Plaintiff labels it "strange" that "the defendants evidently now prefer federal court," the only circumstance the court observes as "strange" is the Plaintiff's inclusion of the previously dismissed federal claim and his passive reaction to removal in light of the Defendants' opportunity to assert collateral estoppel and once again achieve dismissal.

## CONCLUSION

This court is confined under the doctrine of collateral estoppel to its previous determination that it lacks subject matter jurisdiction over Plaintiff's federal due process claim. Because Plaintiff's only federal claim giving rise to original jurisdiction in this court stands to be dismissed, the court once again finds no basis upon which to allow the remaining state law claims to proceed and declines to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Further, because collateral estoppel squarely and effectively resolves this case, the court need not address the supplemental and alternative defenses presented in Defendants' motions to dismiss.

A separate order granting the Defendants' motions to dismiss will be entered contemporaneously with this Memorandum Opinion.

DONE and ORDERED this 28th day of February, 2011.

                                                 _____
                                                         KARON OWEN BOWDRE
                                              UNITED STATES DISTRICT JUDGE